```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HERBERT J. NELSON, | HON. JEROME B. SIMANDLE |
|     Plaintiff/Pro se, | |
| v. | Civil No. 05-5705 (JBS) |
| BORGATA HOTEL CASINO & SPA, | **MEMORANDUM OPINION** |
|     Defendant. | |

**SIMANDLE**, District Judge:

    This matter comes before the Court on Plaintiff's motion for reconsideration of the Court's July 23, 2007 Opinion and Order which granted the motion for summary judgment by Defendant Borgata Hotel Casino & Spa ("Defendant" or "Borgata"), and which denied the cross-motion for summary judgment by Plaintiff Herbert J. Nelson, who is proceeding pro se. Nelson v. Borgata Hotel Casino & Spa, Civil No. 05-5705 (JBS), 2007 U.S. Dist. LEXIS 53286 (D.N.J. July 23, 2007). For the following reasons, the Court shall deny the motion for reconsideration:

    1.   Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration. This rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). Whether to grant reconsideration is a matter within the district court's discretion, but it should

only be granted where such facts or legal authority were indeed presented but overlooked. DeLong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993). The purpose of a motion for reconsideration "is to correct manifest errors of law or present newly discovered evidence." Harsco Corp. v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert denied, 476 U.S. 1171 (1986). Reconsideration is not warranted when the moving party simply recapitulates the cases and arguments considered by the court prior to rendering its initial decision. Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J. 1989). The party seeking reconsideration must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

  2. In the July 23, 2007 Opinion and Order, this Court granted Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment on Plaintiff's claims of race and age discrimination because Plaintiff failed to establish a prima facie claim of discrimination. The Court

explained that the lack of any direct or circumstantial evidence of race or age discrimination doomed Plaintiff's claims at the summary judgment stage.  Although Plaintiff was not hired for the two positions for which he applied, Plaintiff failed to provide evidence showing that Defendant's legitimate, nondiscriminatory reason for failing to hire Plaintiff was pretextual.  The Court held that no reasonable jury could find that Defendant discriminated against Plaintiff by denying him a second interview because there was no direct evidence of discrimination and there could be no dispute that the individuals interviewed and hired were more qualified for the positions than Plaintiff.  Plaintiff came forward with no evidence to rebut this justification as pretextual, as explained in detail in this Court's Opinion of July 23, 2007.

    3.   In his motion for reconsideration, Plaintiff argues that Defendant "didn't offer plaintiff any (interview) and provided a (bogus) rating," (Def. ['s] Mot. for Recons. at 5), and that the Defendant's interview protocol failed.  Plaintiff also argues that the Court erred in not taking into account that the "evaluation sheets" of Plaintiff for the positions were made without Plaintiff's input, and no other candidates were evaluated as mandated by their interview protocol.  (Id. at 4.)

    4.   Plaintiff has failed to show "that dispositive factual matters or controlling decisions of law were overlooked by the

court rendering its prior decision." Scott v. IBM Corp., No. 98-4092 (JBS), 2000 U.S. Dist. LEXIS 17979 (D.N.J. Nov. 29, 2000). Plaintiff merely reargues issues that were analyzed and before the Court.  The Court determined that Plaintiff was not as qualified as the other candidates with regard to working knowledge and experience with heating and cooling systems, modern computer-operated equipment and technology, and reading blueprints, all of which were essential requirements of the position he sought.  Furthermore, the failure to schedule a second interview or to hire him was not dispositive in showing Defendant had a discriminatory motive against Plaintiff, as the Court already explained in its prior Opinion.

5.   Reconsideration is not appropriate where the motion essentially raises only a party's disagreement with the court's initial decision.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988).  Furthermore, Plaintiff fails to show in its motion any (1) intervening change in the law, (2) new evidence that was previously unavailable, or (3) a clear error of fact or law.  The lack of scheduling a second interview and deviation of interview protocol were already argued in the initial decision.  As the Court has explained, all evidence indicates Defendant's employee, Mr. Mark Puentes, was already aware of Plaintiff's race and approximate age during the screening interview when Plaintiff alleges Mr. Puentes responded

4

favorably to his application.  Plaintiff did not come forth with any evidence that revealed a subsequently-developed discriminatory motive for not hiring him or interviewing him further.  Nor does Plaintiff now bring forth evidence of discrimination that the Court may have overlooked.  The Court again finds that no reasonable jury could find that Defendant's proffered reasons for non-selection of Plaintiff were pretextual.

     6.   For the foregoing reasons, the Court shall deny the motion for reconsideration.  An accompanying Order shall be entered.

**October 23, 2007**         s/ Jerome B. Simandle
Date                       JEROME B. SIMANDLE
                                      U.S. District Judge